# United States District Court

2-22-00

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

V.

DAVID ALLEN DANIELS

**CRIMINAL COMPLAINT**

CASE NUMBER: 00-4037-BSS

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about February 17, 2000, in Broward County, in the Southern District of Florida the defendant did knowingly and intentionally possess with the intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 841(a)(1); and did knowingly and intentionally open and maintain a place, that is, a residence at 1941 S.W. 126 Avenue, Miramar, Florida, and did knowingly and intentionally manage, control and make available for use a building, room and enclosure at said address, for the purpose of manufacturing and distributing a Schedule I controlled substance, that is, marijuana plants; in violation of Title 21, United States Code, Section 856(a)(1).

I further state that I am a Special Agent and that this complaint is based on the following facts:

See attached affidavit.

_Candice Curl_
Signature of Complainant
Candice Curl, Special Agent
DEA

Sworn to before me, and subscribed in my presence,

February 18, 2000       at Miami/Jensen Beach, Florida
Date                   City and State

Linnea Johnson, United States Magistrate Judge
Name and Title of Judicial Officer       Signature of Judicial Officer



I, Candice Curl, being duly sworn, depose and state the following:

1.  I have been employed as a Special Agent with the Drug Enforcement Administration (DEA) for approximately one and a half years. I have received specialized training regarding undercover surveillance techniques, narcotics distribution networks and methods, importation routes and other training relating to drug trafficking activities. I submit this affidavit based on information known to me personally from investigation, as well as information obtained from others who have investigated the matter or have personal knowledge of the facts herein. Because this affidavit is being prepared for the sole purpose of securing the issuance of a complaint, it does not contain all of the information available concerning the offense.

2.  In November of 1999, your affiant received information from a source of information that David Allen Daniels was operating a hydroponics lab. Such labs are established for the purpose of cultivating marijuana plants. Your affiant learned that Daniels drives a blue Lincoln automobile bearing license plate J5596S. A check of state records revealed that Daniels owned the property at 1941 S.W. 126 Avenue in Miramar, Broward County, in the Southern District of Florida ("the residence").

3.  Your affiant obtained power bills from Florida Power and Light for the residence. Those bills revealed that over 13 months the residence's power bill ranged between $329 and $424 each month. Neighboring houses had power bills averaging $100 per month. A check with Bell South revealed that the residence did not have an active telephone line. Upon conducting aerial surveillance of the residence, agents found that a rear window of the residence was covered with plywood. All of the windows of the residence were covered with blinds and taped with a blacked out material. All of the outside lights of the residence were left on 24 hours each day. During several days of surveillance, your affiant saw no one enter or leave the residence. However, the

blue Lincoln was parked in the driveway on several occasions.

4. On February 16, 2000, Detectives Bertrand and Toyota of the City of Miramar police department conducted surveillance of the residence. The detectives observed a very bright light emanating from the window next to the garage. The detectives walked up to the residence via the common walkway and immediately detected a very strong odor of cannabis plants coming from the residence.

5. On February 17, 2000, your affiant and Detective Bertrand entered the yard of a house adjacent to the the residence with the consent of the owner of that house and observed Daniels emerge from the residence. Your affiant and Detective Bertrand identified themselves as law enforcement officers and told Daniels that we suspected that he was growing marijuana plants in the residence. Daniels stated, "why would you think that?" Your affiant advised Daniels that the odor of cannabis was coming from his house, and Daniels asked, "where?" During this discussion, Daniels appeared extremely nervous. We advised Daniels that he was not under arrest and that he was free to leave. We then sought Daniels' consent to search the residence, about which he first wavered and then refused. We asked if Daniels would consent to a K-9 search around the outside of the residence, to which Daniels agreed.

6. A K-9 search of the outside the residence was conducted by Detective Brannen and K-9 Boris. The K-9 alerted positively to the residence, as he had in previous situations where narcotics were found. We advised Daniels that we would seek a search warrant for the residence. Detective Bertrand gave Daniels his business card, and Daniels left the residence, which was then secured by officers. Based on all of the information discussed above, the detectives and your affiant sought a search warrant from the County/Circuit Court of the Seventeenth Judicial Circuit In and For Broward County, Florida. That search warrant was authorized by the court on

February 17, 2000.

7.      Upon searching the residence, officers found three grow rooms containing a total of 100 live marijuana plants and hydroponic growing equipment, including high-power lights, irrigation systems, and fans. Additionally, officers found a large quantity of plant cuttings which tested positive for the presence of marijuana.

8.      Accordingly, based on the facts stated in this affidavit, I submit that there is probable cause to believe that DAVID ALLEN DANIELS has committed a violation of 21 United States Code §§ 841(a)(1) and 856(a)(1).

*Candice Curl*
CANDICE CURL
SPECIAL AGENT
UNITED STATE DRUG ENFORCEMENT ADMINISTRATION

Subscribed and sworn to
before me this 21 day
of February, 2000

UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

UNITED STATES OF AMERICA

vs.

DAVID ALLEN DANIELS

_____/

CRIMINAL COVER SHEET

1. Did this case originate from a matter pending in the United States Attorney's Office prior to April 1, 1999?  ____ Yes  __X__ No

2. Did this case originate from a matter pending in the Central Region of the United States Attorney's Office prior to April 1, 1999? ____ Yes  __X__ No

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

BY: _____
DAVID M. BUCKNER
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 060550
99 N. E. 4th Street
Miami, Florida  33132-2111
TEL (305) 961-9210
FAX (305) 536-7976