UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6059-Cr-ZLOCH
Magistrate Judge Seltzer

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>DAVID ALLEN DANIELS, )<br>)<br>Defendant. )<br>_____ / | **NIGHT BOX<br>FILED**<br><br>MAR 2 8 2000<br><br>CLARENCE MADDOX<br>CLERK, USDC / SDFL / FTL |

## GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.    1.    The government is unaware of any written or recorded statements made by the defendant.

           2.    That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached and bate stamp numbered 01 through 02.

               Although the statements reflected in attached investigative reports bate stamp numbered 03 through 05 were not made while in custody and in response to interrogation by any person then known to the defendant to be a government agent, the government is disclosing them voluntarily. They are

3. No defendant testified before the Grand Jury.

4. The NCIC record of the defendant, is attached and bate stamp numbered 06

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time by making arrangements with the undersigned Assistant United States Attorney to meet with DEA agents to view the evidence secured both at DEA and at Miramar Police Department. Besides contraband, agents seized hydroponic growing equipment, including high-powered lights, irrigation systems, ballasts, timers, triple beam scale and fans, all or some of which, the government intends to introduce at trial. Please call the undersigned with 48 hours notice if you intend to make arrangements to review the evidence.

   The attachments to this discovery response bate stamp numbered 012 through 054 are not necessarily copies of all the books, papers, photographs, documents, etc., that the government may intend to introduce at trial.

6. A laboratory analysis of the substance seized in connection with this case will be made available to you upon receipt by this office.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. The government has submitted ballasts and a ohaus triple beam scale for latent fingerprint or palm print examination. Upon receipt by this office of the examination report, the government will forward same to the defendant.

N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P. At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and

3

defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

    Time:
    Date:
    Place:

The attachments to this response are numbered pages 01 - 054 . Please contact the undersigned Assistant United States Attorney if any pages are missing.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: _____
SCOTT H. BEHNKE
ASSISTANT UNITED STATES ATTORNEY
Attorney Number 5500005
500 E. Broward Blvd., Suite 700
Fort Lauderdale 33394
Tel: (954) 356-7255 ext. 3518
Fax: (954) 356-7228

cc:    Special Agent Candice Curl
       Drug Enforcement Administration

4

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 28th day of March, 2000 to: James M. Stark, Esq. at 534 S. Andrews Avenue, Suite 304-N, Fort Lauderdale, Florida 33301-2845.

_____
SCOTT H. BEHNKE
ASSISTANT UNITED STATES ATTORNEY